L. J. CARTER AND S. W. ANGEL, TRADING AND DOING BUSINESS AS CARTER
AND ANGEL, v. J. O. MULLINAX.

(Filed 16 December, 1931.)

1. **Appeal and Error E b—Where charge does not appear in record it is presumed correct.**

   On appeal to the Supreme Court the presumption is that the charge of the judge of the lower court was correctly given when it is not set out in the record.

2. **Appeal and Error A a—Supreme Court can review only matters of law or legal inference on appeal in civil action.**

   On appeal the Supreme Court will consider only matters of law or legal inference, and where the only exception taken is to the refusal of a motion as of nonsuit the judgment of the lower court will be sustained when there is sufficient legal evidence to support the verdict upon which the judgment was rendered. Art. IV, sec. 8.

CONNOR, J., dissents.

APPEAL by defendant from *McElroy, J.,* and a jury, at April Term, 1931, of MADISON. No error.

The issues submitted to the jury and their answers thereto, were as follows:

"1. Did the plaintiffs complete their operations under the contract of 12 January, 1929, or surrender their right thereunder to the defendant, as alleged in the answer? Answer: No.

2. Did the defendant breach the contract of 12 January, 1929, as alleged in the complaint? Answer: Yes.

3. What amount of damages, if any, are the plaintiffs entitled to recover? Answer: $700.

4. Did the plaintiffs breach the contract of 12 January, 1929, as alleged in the answer? Answer: Yes.

5. What amount of damages, if any, is the defendant entitled to recover? Answer: $400."

The court below on the verdict rendered judgment for plaintiff against defendant for $300, and interest from 27 April, 1931, and costs. Defendant excepted, assigned errors and appealed to the Supreme Court.

*John A. McElroy and John A. Hendricks for plaintiffs.*
*Carl W. Greene for defendant.*

CLARKSON, J. At the close of plaintiffs' evidence and at the close of all the evidence, the defendant made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions and in this we can see no error.

CARTER *v.* MULLINAX.

The plaintiffs brought this action against the defendant for breach of a timber contract, alleging that the defendant sold and disposed of a certain portion of the timber that he had theretofore sold to plaintiffs, and for which plaintiffs had paid him the sum of $1,250, and demanded judgment against defendant for $1,500 damages. Defendant denied any breach of the contract and alleged that plaintiffs surrendered their rights under the timber contract and abandoned the premises. Defendant also set up counterclaim that under the contract it was provided that "plaintiffs should use and exercise all due care and caution to preserve the standing young timber, and that no standing timber should be mutilated or damaged in the operations necessary to the cutting and manufacturing of the timber sold under said contract. And did further agree therein that no timber of any kind should be cut below the size of a standard cross-tie, but notwithstanding said agreement, the said plaintiffs during the entire time of their occupation of said premises, wilfully, negligently and carelessly mutilated and damaged a large quantity of standing young timber, and did furthermore wilfully, negligently and carelessly and without regard to the terms of said agreement and in violation thereof, cut a large quantity of standing timber upon said premises below the size of a standard cross-tie, and did manufacture same into lumber and place it upon the market, along with other timber of the size agreed upon therein."

For this breach of contract, defendant demanded judgment against plaintiffs for $1,000 damages.

There is no charge in the record, so the presumption is that the court below charged correctly the law applicable to the facts. There is no exception or assignment of error as to the admission or exclusion of evidence, so the only exceptions and assignments of error are to the motions for nonsuit. From a careful reading of the evidence, we think it ample to have been submitted to the jury. The whole matter was one of fact to be passed on by the jury. We can only consider here "any matter of law or legal inference." Const., Art. IV, sec. 8. There is an impenetrable wall between the law and the facts. The facts are for the jury, the law for the court. *Robinson v. Ivey,* 193 N. C., at p. 810.

It seems as if the outcome of the verdict of the jury was "even-handed justice." The defendant testified, in part: "I sold some of the timber left on the ground to Mr. Justice, I got $300 for it." The judgment for plaintiff was for $300. We find

No error.

CONNOR, J., dissents.